UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER EDUARDO SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>FELIPE FERNANDEZ, et al.,<br><br>Defendants. | No. 2:25-cv-02445 CKD (PS)<br><br><br><br>ORDER |

  Plaintiff brings this civil rights action against the California Highway Patrol (CHP) and one of its officers, defendant Fernandez, alleging constitutional violations with respect to a motorcycle accident in which plaintiff was seriously injured. (ECF No. 1.)

  Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF No. 2.) This proceeding was referred to this court by Local Rule 302(c)(21).

  Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim. A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).

Here, plaintiff alleges he was involved in a March 9, 2025 motorcycle accident on Highway 99 and suffered life-threatening internal bleeding and multiple fractures. He alleges that defendant Fernandez questioned him about the accident when he was in shock and unable to provide "voluntary or coherent statements" and that this questioning delayed his transport to the hospital by "three to five minutes, during which time Plaintiff's internal bleeding continued and his medical condition deteriorated." (Cmplt, ¶ 18.) Plaintiff was transported to the hospital and underwent emergency surgery. He alleges that the CHP report about the accident "contained numerous false and misleading statements" and omitted that plaintiff "was unresponsive and unable to communicate coherently" due to his injuries. (Id., ¶¶ 21, 22.) Plaintiff further alleges that, in a response to a July 29, 2025, California Public Records Act (CPRA) request seeking all

records and digital evidence related to the accident, the CHP improperly withheld certain records and did not comply with the Act's requirements.

Plaintiff asserts federal constitutional claims pursuant to 42 U.S.C. § 1983. He claims that defendant Fernandez violated his Fourth Amendment right against unreasonable seizure, his Eighth Amendment protection against deliberate indifference to serious medical needs, and his Fourteenth Amendment due process rights.  Plaintiff claims that defendant CHP is liable for inadequate training and supervision and violation of the CPRA, and that both defendants violated California civil rights law.  For purposes of screening, the court finds that plaintiff has stated cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Service is appropriate on defendant CHP Officer Felipe Fernandez, Badge #021241 and the California Highway Patrol.
3. The United States Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4(i), including a copy of this court's order setting status conference, without prepayment of costs.
4. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the complaint, and this court's order setting status conference.
5. Plaintiff is directed to provide to the United States Marshal (501 I St., 5th Floor, Sacramento, CA 95814), within fourteen days from the date this order is filed, all information needed by the Marshal to effect service of process, including all information required for proper service of summons under Federal Rule of Civil Procedure 4 and shall file a statement with the court that said documents have been submitted to the United States Marshal, along with a copy of the information provided to the Marshal.  The court anticipates that, to effect service, the U.S. Marshal will require at least:
    a. One completed summons for each defendant;
    b. One completed USM-285 form for each defendant;

      c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

      d. One copy of the instant order for each defendant.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

Dated: September 22, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/sanc2445.ifp-serve